IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD F. MENDEZ and
RAYMOND J. MCQUEEN,

      Plaintiffs,

v.                                                     CIV 16-0204 KBM/KK

CELLCO PARTNERSHIP, INC.,
dba VERIZON WIRELESS, INC., *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court upon Plaintiffs' Motion to Remand and Objection to Removal from First Judicial District Court New Mexico filed April 1, 2016. *Doc. 12*. Pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 73, the parties have consented to me serving as the presiding judge, conducting all proceedings, including trial, and entering final judgment. *See Docs. 14, 15, 16, 17, 18, 19, 20, 21*. *Pro se* Plaintiffs Edward F. Mendez and Raymond J. McQueen seek an Order allowing amendment of the Complaint to omit the Magnuson-Moss federal claim and remanding the remaining state-law causes of action to the First Judicial District Court. Having reviewed the pleadings and relevant authorities, the Court will remand this action to state court only if Plaintiffs: (1) formally dismiss with prejudice all federal claims that they brought or could have brought in this lawsuit; and (2) enter a binding written stipulation that they will not seek damages in excess of $75,000 in this action.

**I.     Background**

Plaintiffs allege that contrary to assurances by Verizon Wireless' retail outlet employees that the cellular telephone they purchased would operate internationally, it did not work during their travels in Argentina and Uruguay in November 2012. Plaintiffs initiated this lawsuit in First Judicial District Court for the State of New Mexico and are suing for breach of warranty, warranty reimbursement, fraud, intentional infliction of emotional distress, reputational disparagement, injunctive relief, consequential losses and resulting damages. *Doc. 1-2*.

**II.    Procedural Posture**

The Complaint asserts, among other claims, a violation of the federal Magnuson-Moss Warranty Act ("Warranty Act"), 15 U.S.C. § 2310. *Doc. 1-2* at 4. The Warranty Act provides that an injured consumer, subject to certain conditions, may bring suit under the Act either in state court, 15 U.S.C. § 2310(d)(1)(A), or in federal court, 15 U.S.C. § 2310(d)(1)(B).

Pursuant to federal question jurisdiction, Defendants timely removed this lawsuit to federal district court on March 17, 2016. *Doc. 1*; *see* 28 U.S.C. § 1331. Thereafter, the *pro se* Plaintiffs filed the instant Motion to Remand within the 30-day deadline for doing so. *Doc. 12*; *see* 28 U.S.C. § 1447(c).  As discussed below, Plaintiffs assert three arguments in favor of remand.

**III.   Analysis**

Clearly, Defendants could invoke removal based upon federal question subject matter jurisdiction – the Warranty Act expressly provides for original jurisdiction over such claims in federal court. As the Tenth Circuit has explained, "the propriety of

removal is judged on the complaint as it stands at the time of removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). Because the Warranty Act claim was present in the Complaint at the time of removal, federal question jurisdiction was properly invoked as the basis for that removal.[1]

Plaintiffs now "request leave . . . to amend their original complaint and delete this referenced allegation in its entirety" on the basis that the Warranty Act claim "is a very minor subject matter area of the entire proceeding." *Doc. 12* at 2. Yet, as Defendants correctly note, omission of the federal question from an amended complaint would not divest this court of its jurisdiction over this matter because jurisdiction is determined at the time of removal, and this Court retains supplemental jurisdiction over the remaining state-law claims. *Doc. 23* at ¶ 4; *see* 28 U.S.C. § 1367.

To more fully explain, dismissal of a complaint's only federal claim after removal does not divest the district court of jurisdiction, nor does it force the remand of an action to state court. When a district court has original jurisdiction, it also has supplemental jurisdiction over all other claims that "are so related to claims in the action within original jurisdiction that they form part of the same case or controversy. . . ." 28 U.S.C. § 1367(a).  A breach of warranty as to the purchased cell phone – whether the claim is brought pursuant to state law or the federal Warranty Act – involves the same case or

---

[1]  As I understand it, the *pro se* Plaintiffs also contend that their motion for default judgment filed just before the notice of removal somehow justifies remand to state court. *Doc. 12* at ¶ *5*. Plaintiffs cite to no authority for this proposition that "substantive procedural issues [] remain unresolved in the state district court case," and the Court found none. Indeed, Plaintiffs' argument is procedurally incorrect. Section 1446 of Title 28 provides the procedure for removal of civil actions. Once the notice of removal is filed with the clerk of the State court, the "State court shall proceed no further . . . ."  28 U.S.C. § 1446(d). Thus, the state court cannot proceed on Plaintiffs' motion.

3

controversy. Thus, this Court can exercise supplemental jurisdiction over the state-law claims.

To the extent that Plaintiffs are willing to discard all federal claims implicated in this case, a different question would be presented – whether this Court may **decline** to exercise its supplemental jurisdiction. In the past, the exercise of supplemental jurisdiction was a matter of discretion without limitations. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). In *Carnegie-Mellon Univ. v. Cohill*, a case similar to the one at bar, the plaintiffs moved to amend their complaint to delete allegations of age discrimination asserted under federal law and requested remand to state court. *Cohill*, 484 U.S. 343 (1988). The Supreme Court, in what had become known as the "pendent jurisdiction" doctrine, instructed that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Id.* at 350; *see also Merrifield v. Bd. of Cnty Comm'rs for Cnty of Santa Fe*, 654 F.3d 1073, 1085 (10th Cir. 2011).

In 1990, however, Congress codified the doctrine but limited the circumstances under which pendent, now referred to as "supplemental," jurisdiction can be relinquished. Today, a district court may decline to exercise supplemental jurisdiction only under the following four circumstances:

> (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

4

28 U.S.C. § 1367(c). Plaintiffs have proposed amending their Complaint to omit any reference to the Warranty Act, presumably in an effort to implicate the third circumstance that would permit this Court to decline supplemental jurisdiction.

Indeed, the Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Merrifield*, 654 F.3d at 1086 (citing *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010)). Application of this principle indicates that remand to state court would be appropriate in the case here if the federal claim was eliminated. But what would keep Plaintiffs from resurrecting this federal claim with yet another amended complaint once back in state court? Only a ***dismissal with prejudice*** of all federal claims that were brought or could have been brought in this lawsuit could persuade this Court to relinquish supplemental jurisdiction and remand this matter to state court pursuant to Section 1367(c)(3).

Yet even if Plaintiffs agree to dismiss all possible federal claims, the Court is concerned that another basis for original subject matter jurisdiction may be implicated – diversity of citizenship. It appears that no defendant is a citizen of New Mexico such that the complete diversity requirement is met under 28 U.S.C. § 1332(a)(1). And, as currently pled in the Complaint, Plaintiffs seek more than $75,000, such that the amount in controversy prong is met as well. *See* 28 U.S.C. § 1332(a). If this Court was to decline supplemental jurisdiction after dismissal of federal claims and remand to state court, would Defendants then be able to again remove the case on the alternate diversity of citizenship basis?

Plaintiffs, however, have also "request[ed] leave of this court to remove and delete such specific monetary amounts of damages against defendants and leave this to the good discretion of the court." *Doc. 12* at 2. Therefore, the Court will decline to exercise supplemental jurisdiction only if Plaintiffs also agree to limit their recovery, if any, to no more than $75,000 thereby preventing invocation of diversity jurisdiction following remand.

This Court acknowledges that some efficiency will be sacrificed due to the remand of this action. However, the federal proceeding was recently initiated, and Plaintiffs timely filed their objection to removal. Moreover, Plaintiffs had selected state court as their forum of choice – an appropriate selection even with a Warranty Act claim. No significant increase of time or expense to the litigants is at risk if the case is remanded to state court. Finally, based on the principle of comity, the Supreme Court has encouraged deference to state courts in cases where state law issues predominate – another principle that favors remand here. *Cohill*, 484 U.S. 343, 352.

Wherefore,

IT IS HEREBY ORDERED that this action will be remanded to First Judicial District Court only if the following conditions are met:

(1) Plaintiffs formally dismiss with prejudice any and all federal claims; and

(2) Plaintiffs file a binding stipulation that they will not seek damages in excess of $75,000.00.

Absent compliance with these conditions by June 10, 2016, this Court will retain its jurisdiction in this matter.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE